IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
03/01/2016

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| RAZA SERVICES, LLC, | ) | CASE NO. 16-30113-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has bifurcated for hearing the "Motion to Dismiss for Bad Faith Filing Or, Alternatively, Motion for Relief from the Automatic Stay" (Docket No. 13) filed by Texas First Bank ("TFB"), and has conducted an evidentiary hearing on the motion to dismiss contained therein. The motion for relief from stay remains set for a future evidentiary hearing. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion to dismiss. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Raza Services, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 4, 2016. Debtor is a single asset real estate entity, which owns a unit in a medical emergency condominium complex in Baytown,

Texas.

Debtor's owner and managing member, Amir Raza, testified that Debtor financed the acquisition of its real property with a note payable to TFB, in the original principal amount of $631,636, secured by a first lien in the property. Debtor's tenant, MDM, Inc. ("MDM"), borrowed $180,000 from TFB on a Small Business Administration loan, secured by junior liens in the property.  (TFB Exhibits 7, 8).

Debtor's owner and managing member, Amir Raza, testified that, prior to March, 2015, Debtor leased its space to MDM.  He testified that Debtor last received rent from MDM in March, 2015.  He testified that, beginning in April, 2015, and continuing until his personal funds were exhausted in August, 2015, Raza paid the mortgage on the space from his own personal funds.

Raza testified that, in August, 2015, he notified TFB that he would be unable to continue making the payments on Debtor's debts, and sought a 6-12 month deferment of principal and/or interest in order to attempt either to find another tenant, or to sell the property.  He testified that TFB was unwilling to defer principal or interest.  He testified that the instant case was filed in order to allow Debtor to attempt to find another tenant or to sell the property.

2

Raza testified that the property has been shown several times, but none of the showings have resulted in a lease as yet. The court finds that Raza's testimony was credible.

### Conclusions of Law

Section 1112(b) provides for dismissal of a Chapter 11 case for cause. Lack of good faith in filing may constitute cause for dismissal. In re Humble Place Joint Venture, 936 F.2d 814 (5th Cir. 1991). A determination of cause requires a consideration of the totality of circumstances. Matter of T-H New Orleans L.P., 116 F.3d 790 (5th Cir. 1997).

The instant case has been pending for fewer than 60 days. Debtor has filed the petition with an intent to address the debts against the property, either through a lease or sale of the property. TFB separately has sought relief from stay, and its motion remains pending. The court concludes that there is an insufficient showing of bad faith in the instant case for dismissal at this time.

Based on the foregoing, a separate Judgment will be entered denying the motion to dismiss contained in the "Motion to Dismiss for Bad Faith Filing Or, Alternatively, Motion for Relief from the Automatic Stay" (Docket No. 13) filed by TFB.

Signed at Houston, Texas on March 1, 2016.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE