IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| RAZA SERVICES, LLC, | ) CASE NO. 16-30113-H3-11 |
| | ) |
| Debtor, | ) |
| | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the motion for relief from stay contained within the "Motion to Dismiss for Bad Faith Filing Or, Alternatively, Motion for Relief from the Automatic Stay" (Docket No. 13), filed by Texas First Bank ("Movant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered lifting the stay. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Raza Services, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 4, 2016.

Debtor is a single asset real estate entity, which owns real property in a commercial condominium in Baytown, Texas.

Matt Crable, an employee of Movant, testified that Debtor acquired the property with financing provided by Movant. Crable testified that Movant holds a first lien against the property to secure a debt in the approximate amount of $649,000. He testified that the property is encumbered by a second lien in favor of the United States Small Business Administration ("SBA"), securing a debt in the approximate amount of $400,000, and a third lien securing a debt to Movant in the approximate amount of $140,000.

Crable testified that he estimates that the fair market value of the property is less than $802,000. He testified that his estimate is based on his experience of ten years in financing commercial real estate transactions in the Houston, Texas area. He testified that he is not a certified real estate appraiser, and does not have experience appraising real property. The court gives his testimony on this issue little weight.

Debtor's owner, Amir Raza, testified that he believes the value of the property is in excess of $1,000,000. He testified that the property is currently valued by the Harris County Appraisal District ("HCAD") at $824,000, but previously was valued by HCAD for in excess of $1,200,000. Nothing in Raza's testimony establishes any expertise on the question of the value of the property. The court gives his testimony on this issue little weight.

Raza testified that the property has been vacant since May, 2015. He testified that the property has been marketed for sale or lease since that time. He testified that, although there have been entities interested in viewing the property, none have leased it.

Raza testified that Debtor has had no income since May, 2015. He testified that he made payments on the note to Movant from his own personal funds, but no longer has funds to do so.

Debtor's Chapter 11 plan, filed on March 30, 2016, calls for Debtor to make no payments to Movant or to SBA, while marketing the property for sale for up to six months. (Docket No. 49). The plan is not presently set for a confirmation hearing. Crable testified that Movant would not vote in favor of Debtor's plan.

Raza testified that, one day before the hearing on the instant motion, Debtor received a "letter of intent" to lease the property. The letter of intent is not in evidence. Raza testified that the prospective tenant would lease the property, effective on June 1, 2016, at a rental rate of $31 per square foot for a year. He testified that Debtor's income from the property under the proposed lease would be approximately $10,126 per month. Raza testified that Debtor anticipates amending the plan to provide for payments to Movant during the term of the proposed lease.

Debtor has made no offer of adequate protection as to Movant's interest in the property.

Conclusions of Law

Section 362(d) of the Bankuptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;
> >
> > (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--
> >
> > > (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> > >
> > > (B) the debtor has commenced monthly payments that--

> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>
> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

11 U.S.C. § 362(d).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

In the instant case, Debtor has made no offer of adequate protection. Debtor bears the burden of proof, and has failed to meet that burden. The court concludes that relief should be granted pursuant to Section 362(d)(1) of the Bankruptcy Code.

As to Section 362(d)(2) of the Bankruptcy Code, the testimony of Crable reflects that the debts secured by Debtor's

interest in the property aggregate to at least $1,189,000. Debtor's most optimistic estimate of the value of the property is no more than $1,000,000. The court concludes that Movant has met its burden of proof on the question of Debtor's equity in the property.

Raza's testimony does not support a conclusion that the property is necessary for an effective reorganization. Although there could be no reorganization without the property, the reorganization Debtor contemplates appears to be the continued marketing of the property for sale, while making no payments to creditors, where previous efforts to market the property for sale have failed. The court concludes that relief should be granted pursuant to Section 362(d)(2) of the Bankruptcy Code.

Likewise, although a plan was filed within 90 days after the date of the order for relief in the instant case, the plan does not have a reasonable probability of being confirmed within a reasonable time. The plan lacks adequate means for its implementation.[1] Movant has indicated that it does not support the plan, and there is no indication that it could be confirmed over Movant's opposition. Debtor has not commenced payments. The court concludes that relief should be granted pursuant to

---

[1] Inexplicably, Debtor contends that, although no payments are to be made to any creditor, including Movant, until after the completion of a sale, the class in which Debtor has classified Movant's claim is unimpaired.

Section 362(d)(3) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered lifting the stay as to the property the subject of the instant motion.

Signed at Houston, Texas on May 2, 2016.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE